JUDGE DUVALL
delivered the opinion of the court:
The propriety of the judgment complained of in this case is maintainable upon two grounds :
1. The appellant recovered a judgment against Payne, the obligor in the note, in the quarterly court for Fayette county. Execution issued upon this judgment, and was placed in the hands of a constable, who returned the same “no property found,” ,&c. No further steps were taken by the appellant to coerce satisfaction of this judgment. Was this return of nulla bona by the constable such evidence of the insolvency of the obligor in the note, or of legal diligence on the part of the assignee, as to entitle the latter to his recourse against his assignor? We think not.
Land cannot be levied on or sold under execution from a quarterly or justice’s court, or any court of similar jurisdiction. (Civil Code, section 845.) But by the provisions of section 846, as amended by the act of 1858, whenever an execution has issued from a quarterly court, and been placed in the hands of the proper officer for collection, and has been by him returned, in whole or in part, “no property found,” the presiding judge shall, on the application of the plaintiff or his attorney, furnish a copy of the judgment, &c., which shall be filed in the clerk’s office of the circuit court, and execution issued thereon in the same manner as executions on judgments of the circuit court.
The manifest object of this statute was to provide a cheap and expeditious remedy, by which the plaintiff in a- judgment recovered in the quarterly court is enabled to reach by execution the real estate of the defendant, where there is not personal *643 estate sufficient to satisfy the debt, as manifested by the appropriate return on the execution from the quarterly court.
It is perfectly clear, therefore, that the return, by the constable, of the execution in this case, cannot be regarded as even prima facie evidence of the insolvency of the defendant, and did not entitle the appellant to any recourse upon his assignor. He was certainly bound, before he could proceed against the latter, to exhaust his plain legal remedies against the defendant in the execution, for the collection of his debt.
2. But the appellant was bound, by the fidelity and good faith which the law demands in such cases, to have done something more. He was bound to pursue all the equitable remedies which were reasonably within his reach, and of which he had notice. The principle upon which this obligation rests is too well settled to require a citation of the authorities. The record shows that Payne had executed a deed of trust, in which the note held by the appellant was provided for. The lien thus created should have been exhausted before the appellant could have maintained his recourse against the appellee. The prosecution of this remedy might have been attended with some delay and trouble; but certainly this circumstance does not render a resort to such remedy the less indispensable.
Upon either of these two grounds, therefore, the judgment of the court below dismissing the petition of the appellant was proper, and must be affirmed.