## J. F. SCHOFIELD *v.* MOSES WEINSTOCK.

**Assignee of Note—Diligence.**

> Where the assignee of a note obtained judgment against the obligors therein soon after it became due in June, 1877, but shows only that he caused execution thereon to issue on the —— day of ——, 1877, which was returned nulla bona, he fails to exhibit facts showing when execution was issued, and that he proceeded diligently, and hence the assignor is discharged.

**Duty of Assignee of Note.**

> The assignee of a note must show affirmatively that he has used due diligence in coercing collection from the obligors to entitle him to recover against his assignor.

APPEAL FROM SHELBY CIRCUIT COURT.

November 21, 1878.

OPINION BY JUDGE ELLIOTT:

Appellee brought this suit against appellant on appellant's implied liability to him for the amount of a note of $100 executed to appellant by Miles and Wade and assigned to him by appellee.

Judgment was taken by default in the lower court, and the only question here is whether the plaintiff's pleadings are sufficient to sustain and uphold his judgment. The constitutionality of the law increasing the jurisdiction of the justice who rendered the judgment for appellee against Miles and Wade is assailed by appellant's brief; but as that law has, as we think, been correctly held constitutional, we will not repeat our reasons for so holding. The other objections made by the appellant to the validity of appellee's judgment are of a more serious nature.

Appellee alleges that the assigned note fell due in 1877, in May of that year, and that he brought suit before a justice of the peace of Shelby county to the June term of his court, 1877, and at that term he obtained judgment against the obligors, Miles and Wade; and therefore due diligence thus far has been shown. But the appellee alleged in his petition in this action that he caused execution to issue on his judgment on the —— day of ——, 1877, returned the same "no property found."

The defect in his pleading is that the plaintiff failed to show that he used ordinary diligence in the collection of his judgment debt against Miles and Wade by causing execution to issue thereon in a reasonable time after the rendition of the judgment in his favor.

His judgment was rendered at the June term of the justices court, 1877, and his execution could have been issued about the 1st of July. But instead of stating the time when his execution issued, so that it could be seen whether he had been guilty of laches, he states that he caused execution to issue on the —— day of ——, 1877.

Taking these allegations according to their literal meaning the only import that some time between June, 1877, and January, 1878, he caused execution to issue, and that some time afterward the constable returned the same "no property found." These allegations were insufficient. The assignee of a note must show affirmatively that he has used due diligence in coercing collection from the obligors to entitle him to recover against his assignor. But the return by the constable of "nulla bona" was insufficient to entitle the assignee to recourse.

He should have shown that he had filed a transcript of the record in the clerk's office of the circuit court, and had an execution issued and returned there "no property found," before his assignor could be held bound for the assigned debt. See *Barker v. Curd,* 1 Met. 641.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent herewith.

*L. A. Weakly, for appellant. Caldwell & Harwood, for appellee.*